FLEMING, Judge.
I concur in opinion that a creditor may maintain an action on the bond, Por the act of assembly directs that any party injured may sue; which applies to every person who is prejudiced by the misconduct of the executor. The cases cited against it have no influence upon the question; for they are contradictory to themselves, and were made upon a statute which differs from ours. The only point of enquiry in all such cases is, whether the plaintiff is a party injured by the course which the executor has pursued; and if he proves it in the manner prescribed by law, he brings himself emphatically within the language and meaning of the act. But then the question arises, What the creditor must do to avail himself of the benefit of the bond? And the answer is, that he is to *prove himself a creditor by a judgment against the executor; that he issued execution; and that nulla bona was returned. For until that is done, the executor is presumed to have acted rightly, and that the bond has not been forfeited; for the plaintiff, in every such case, must prove a devastavit before he is entitled to sue upon the bond. In the present case, however, none of the plaintiffs have taken all these steps; and therefore, none of them can sustain the action. But this is not all; for the verdict does not find the amount of the supposed devastavit; which was indispensably requisite; because neither the executor nor the securities were liable for more than the waste actually committed. Upon the whole, I think the plaintiffs have not made out their case; and that the judgment ought to be reversed.
CARRINGTON, Judge.
It is not necessary to repeat the reasons given by my brethren for the judgment which is to be rendered. I shall therefore content myself with saying that I concur with the rest of the court; and deliver it as their unanimous ■ opinion, that the court below erred in this, that it was not shewn that the plaintiffs had obtained a judgment against the executor in the first place, and pursued the testator’s estate until it was exhausted.
The judgment is therefore totally reversed, and the following is to be the entry: i
“The court is of opinion that the matter stated in the demurrer to be shewn in evidence by the defendants is not sufficient in law to fix a devastavit on Bernard Moore in the record mentioned, orto maintain the issue on the part of the defendants: Therefore it is considered by the court that the judgment, in consequence of the opinion of the said general court that the matter was sufficient in law, be reversed, &c. ”
N. B. Judge Carrington, the next day after the judgment was given, informed the reporter that the judges were principally influenced by the following reasons :
*1. Because it did not appear by the proceedings that judgment had been obtained against the executor upon the bill of exchange, in order to subject the testator’s estate in his hands, and nulla bona returned upon the execution. Without which there could be no devastavit established so as to entitle the creditor to sue upon the bond; inasmuch as the bond could only be considered as a collateral security; and therefore not liable to be put in suit until the executor was convicted by due course of law of having wasted the assets.
2. Because it did not appear by the evidence stated in the demurrer, that there were not assets sufficient after paying the inferior debts, to discharge the bill of exchange and judgment; inasmuch as it is not a devastavit in the executor to pay debts of inferior dignity, if he still retains assets enough to discharge those of higher degree.
Memorandum. — Some year after the judgment in the foregoing case was given, chancellor Wythe having occasion to consider a similar case, wrote to president Pendleton who was present at the judgment, but did not sit in the cause, to know what he understood to have been decided in that case; and received an answer in writing that he, judge Pendleton, understood it to have been decided, “That previous to the commencement of a suit against the securities, or even against the executor, on the bond for the faithful discharge of his duty, founded on a charge of a devastavit in the executor, the creditor ought to proceed against the executor to establish the demand and convict him of the devastavit; when failing to recover his money by that means, he may then by a suit, of-the present sort, resort to the securities. But to admit such suit in the first instance, would subject the sureties to the unreasonable burthen of contesting the justice of the debt and of defending the conduct of the executor, which, as they are strangers to both, must tend to produce injustice to the estate in the first case, and to themselves in the other.”